Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3013 | **DATE** | 8/28/2001 |
| **CASE TITLE** | PAUL A. MOORE, et al vs. AT & T LATIN AMERICA CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Rule 12(b)(3) motion to dismiss for improper venue is denied. However, its motion to transfer this case pursuant to 28 U.S.C. Section 1404(a) to the U.S. District Court for the Southern District of Florida is granted. Status hearing date of 9/27/01 is stricken.

(11) ■ [For further detail see

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 29 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | EB docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG 29 AM 7:57 | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
AUG 2 9 2001

| | |
|---|---|
| PAUL A. MOORE and PHILLIP S. MAGIERA, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T LATIN AMERICA CORP., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 01 C 3013 <br> Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Paul A. Moore and Phillip S. Magiera (collectively referred to as plaintiffs) have filed a four-count complaint against AT&T Latin America Corporation (AT&T Latin) alleging breach of contract and seeking a declaratory judgment. AT&T Latin has moved to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. (Rule) 12(b)(3) on the basis of improper venue or, assuming we find venue is proper in this district, to transfer this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, AT&T Latin's Rule 12(b)(3) motion to dismiss for improper venue is denied. However, its motion to transfer pursuant to 28 U.S.C. § 1404(a) is granted.

12

## Facts[1]

Plaintiff Moore resides in Lake Forest, Illinois, and plaintiff Magiera resides in Dover, Massachusetts. AT&T Latin, a wholly-owned subsidiary of AT&T Corporation, is a Delaware corporation, with its principal place of business in Coral Gables, Florida. FirstCom, which was formerly known as InterAmericas Communications Corporation (ICCA) merged with AT&T Latin in August of 2000. Until October of 1997, plaintiffs served as directors of ICCA.

In October of 1997, plaintiffs entered into a settlement agreement (the agreement) with ICCA in order to resolve a dispute concerning compensation for services they provided to ICCA. Pursuant to the agreement, plaintiffs were to receive 250,000 shares of common stock and an option to acquire another 250,000 shares of common stock at a price of $2.13 each. Plaintiffs had ten years upon which to exercise the options, provided they give ICCA written notice of the number of shares they desired. ICCA would then send stock certificates evidencing plaintiffs' ownership.

The agreement also outlined what effect a merger would have on plaintiffs' rights to exercise their options. In the event ICCA merged with another company, plaintiffs would be entitled to securities or property as if they had exercised their options immediately prior to the merger.

On November 1, 1999, FirstCom, formerly ICCA, merged with AT&T Latin. The merger was completed in late August of 2000. As a result of the merger, "each option to purchase Firstcom common stock was converted into one option or warrant to purchase a share of AT&T Latin America Class A stock." Therefore, according to plaintiffs, their outstanding stock options with FirstCom converted to options to purchase an equal number of shares of AT&T Latin.

When plaintiffs attempted to exercise their options to buy shares of AT&T Latin at $2.13,

---

[1] The following facts are taken from plaintiffs' complaint.

AT&T Latin refused. As a result, plaintiffs are suing AT&T Latin for breach of contract. In addition, they are seeking a declaratory judgment requesting that we find that the settlement agreement between plaintiffs and ICCA is enforceable against AT&T Latin according to its terms, and that plaintiffs have fulfilled their obligations under the settlement agreement, thereby entitling them to the AT&T Latin stock. We have jurisdiction pursuant to 28 U.S.C. § 1332, because the instant action is between citizens of different states and the amount in controversy exceeds $75,000.

## Discussion

### Is venue proper in this district?

In First Health Croup, Corp. v. Sanderson Farms, Inc., 2000 WL 139474, *2 (N.D. Ill. 2000), Judge Manning laid out the standards applicable to a Rule 12(b)(3) motion. She stated:

> When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. A court may examine facts outside the complaint in order to determine whether venue is proper. Moreover, in resolving a motion to dismiss pursuant to Rule 12(b)(3), the court must resolve any factual conflicts in the parties' submissions in favor of the plaintiff and draw any reasonable inferences from those facts in the plaintiff's favor.

With these standards in mind, we turn to AT&T Latin's Rule 12(b)(3) motion to dismiss.

To determine whether we have proper venue, we must look to 28 U.S.C. § 1391(a). It states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or ommissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought.

Because AT&T Latin is a Delaware corporation with its principal place of business in Florida, § 1391(a)(1) is inapplicable. Likewise, § 1391(a)(3) is inapplicable because the proposed transferee district, the Southern District of Florida, would be an appropriate venue for plaintiffs' cause of action. Therefore, our inquiry is limited to whether, under § 1391(a)(2), "a substantial part of the events or ommissions giving rise to the claim" occurred in this district.

Which venue has the most substantial contacts is not dispositive. Pasulka v. Sykes, 131 F.Supp.2d 988, 994 (N.D. Ill. 2001). As long as the contacts in plaintiffs' chosen district are substantial, "venue is proper notwithstanding the possibility that defendants' activities may have been more substantial somewhere else." Walron Films Ltd., LLC v. Cinequanon Pictures Int'l, 1997 WL 779059, *2 (N.D. Ill. 1997).

The issues, therefore, are what contacts does plaintiffs' cause of action have with this district, and whether those contacts are substantial. In their response brief, plaintiffs allege the following contacts with this district: the settlement agreement and the option agreements were negotiated through plaintiffs in Illinois, sent to plaintiffs' counsel in Illinois, signed by plaintiffs in Illinois, and numerous communications were directed at plaintiffs and their counsel in Illinois. (Pls.' Resp. at 5.) In addition, plaintiffs attempted to exercise their options through their counsel in Illinois, and AT&T Latin refused to issue the stock to Moore in Illinois. (Id.)

AT&T Latin claims that venue is improper here because the facts giving rise to plaintiffs' cause of action arose in Florida, not Illinois. Specifically, AT&T Latin's refusal to honor plaintiffs' exercise of their stock options was made by AT&T Latin in Florida. (Def.'s Reply at 3.) In addition, Illinois is the home forum of only one of the plaintiffs. (Id. at 4.)

We agree with plaintiffs that venue is proper in this district. Taken together, plaintiffs have

demonstrated that a "substantial part of the events or ommissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(a). Specifically, the underlying contracts were negotiated through plaintiffs in Illinois, sent to plaintiffs' counsel in Illinois, signed by plaintiffs in Illinois, and numerous communications were directed at plaintiffs and their counsel in Illinois.

In addition, plaintiffs tried to exercise their options through their counsel in Illinois. The fact that the underlying contracts were entered into by ICCA as opposed to AT&T Latin is inconsequential because the focus of § 1391 is the nexus between the facts and the cause of action, not the defendant and the cause of action. AT&T Latin's argument that the breach occurred from Florida has some appeal. However, the fact that the effect of its breach was felt by one of the plaintiffs in Illinois undercuts any weight that argument might otherwise have. H & V Silver Mine, Inc. v. Cohen, 1997 WL 639229, *4 (N.D. Ill. 1997)("Moreover, as it is the failure to perform a contractual duty in Illinois–namely, make the required payments–that gives rise to the breach of contract claim, venue is proper in this district.") Therefore, venue is proper in this district.

**Should this case be transferred to Florida?**

AT&T Latin argues that we should transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Florida. § 1404(a) states that a district court "[f]or the convenience of the parties and witnesses, in the interests of justice . . . may transfer any civil action to any other district or division where it might have been brought." AT&T Latin has the burden of showing that "the transferee forum is clearly more convenient." Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989) citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). In addition, the effect of a transfer cannot be a mere

shift of inconveniences from one party to the other. Promatek Med. Sys., Inc. v. Ergometrics, Inc., 1990 WL 19491, *4 (N.D. Ill. 1990).

AT&T Latin contends, and plaintiffs agree, that venue would be proper in the Southern District of Florida. (AT&T Latin's Mot. Transfer at 4; Pls.' Resp. at 6.) Therefore, our analyses is limited to whether it would be convenient for the parties and witnesses, or in the interests of justice, to transfer this case to Florida.

In making our determination, we must consider: (1) the plaintiff's choice of forum; (2) the location of the material events; (3) the residence of the parties; (4) their ability to bear the expense of a trial in a particular forum; (5) the relative ease of access to sources of proof in each forum, including the court's power to compel appearances of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses. Heller Fin., 713 F.Supp. at 1129.

First, plaintiffs have chosen this district as their forum. Although not dispositive, plaintiffs choice of forum must be given some weight. However, the weight accorded to plaintiffs' choice of forum is reduced by the fact that only one of the plaintiffs resides in Illinois. Second, location of the material events favors neither party. While the contracts at issue may have been finalized in Florida, they were partially executed in Illinois. In addition, while the breach may have occurred from Florida, its effects were partially felt in Illinois. Third, the residence of the parties favors neither party. AT&T Latin is a Delaware corporation with its principal place of business in Florida. One of the plaintiffs resides in Illinois, and the other plaintiff resides in Massachusetts. Fourth, AT&T Latin can certainly absorb the expense of trial in either forum. But, considering the apparent sophistication of the plaintiffs, and considering plaintiff Magiera will have to travel regardless of which venue a trial is held, the fourth element favors neither party.

The fifth element, the relative ease of access to sources of proof in each forum, including the court's power to compel appearances of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, requires a more in-depth analyses. In support of its motion to transfer, AT&T Latin contends that almost all of its potential witnesses reside in Florida. In response, plaintiffs claim that they have potential witnesses that reside in Illinois, namely plaintiff Moore and plaintiffs' former attorneys and, therefore, Florida is not clearly more convenient for the potential witnesses than Illinois. (Pls.' Resp. at 8.)

"In resolving a motion to transfer, the convenience of the witnesses is one of the most important factors to be considered." Dunn v. Soo Line R.R. Co., 864 F.Supp. 64, 65 (N.D. Ill. 1994). However, we "must consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship (sic) to the issues of the case." Midwest Precision Serv., Inc. v. PTM Indus. Corp., 574 F.Supp. 657, 659 (N.D. Ill. 1983). "One key witness for one party can outweigh many less important witnesses for the other party." Borg-Warner Acceptance Corp. v. Airport Luxury Suites, Ltd., 1986 WL 8358, *5 (N.D. Ill. 1986). When identifying potential witnesses, a party must specify key witnesses and describe their testimony in a manner that goes beyond vague generalizations. Kafka v. Bellevue Corp., 1991 WL 49619, *3 (N.D. Ill. 1991).

Of the twelve potential witnesses identified by AT&T Latin by affidavit, nine reside in the Miami-Dade County area, one resides in Chicago, one resides in Cleveland, and the whereabouts of the other potential witness are unknown. (AT&T Latin's Mot. Transfer at Ex. A.) Plaintiffs have identified no potential witnesses by affidavit. See Midwest, 574 F.Supp. at 659 ("In ruling upon a motion to transfer under 28 U.S.C. 1404(a), the Court may consider only undisputed facts presented

to the Court by affidavit, deposition, stipulation or other relevant documents.") The only mention of potential witnesses made by plaintiffs in their response brief was that plaintiff Moore and their attorneys are "likely to testify for Plaintiffs." (Pls.' Resp. at 10.) Plaintiffs assertion that Moore and their attorneys are likely to testify carries little weight because this evidence was not presented through affidavit. However, plaintiffs' failure to do so does not effect our finding that Florida is clearly more convenient.

Plaintiffs claim that AT&T Latin's list of potential witnesses "is duplicative and simply an attempt to create an impression that this case requires the testimony of numerous witnesses, when the case really involves a determination of the existence and performance of option contracts." (Pls.' Resp. at 9.) While we agree with plaintiffs that AT&T Latin's list may be duplicative insofar as not all of the twelve need testify, AT&T Latin has identified key witnesses that reside in Florida that will almost certainly testify as to the formation and performance of the contracts at issue. For instance, Andrew Hulsh and Mario Fontes, both of whom reside in Miami-Dade County, acted as outside counsel for ICCA at the time the contracts were entered into. (Id. at Ex. A.) In addition, Cory Shade and Jose Segrera, both of whom reside in Miami-Dade County, were associated with FirstCom and have knowledge of the contracts at issue. (Id.) Although plaintiff Magiera and Douglas Gieb, a former employee of ICCA and FirstCom, do not reside in Miami-Dade County, because they would have to travel great distances even if Illinois were the appropriate forum, Florida no less inconvenient. Taken together, the fact that nine out of twelve of the AT&T Latin's potential witnesses reside in Miami-Dade County, many of whom appear to be key witnesses, demonstrate that Florida is a "clearly more convenient" forum for this case.

Plaintiffs also claim that according to Kafka the description of the testimony of AT&T

Latin's proposed witnesses is too vague and generalized to be given any weight. <u>Kafka</u>, 1991 WL 49619 at *3 . We disagree. When arguing that its proposed venue was clearly more convenient for its potential witnesses, the defendants in <u>Kafka</u> failed to specifically identify any material witnesses or the subject matter of their testimony. <u>Id.</u> In finding that the defendant had failed to meet its burden, Judge Conlon held that "[d]efendants were obligated to go beyond vague generalizations and specify key witnesses and describe their testimony." <u>Id.</u> Unlike the defendant in <u>Kafka</u>, AT&T Latin has spefically identified twelve potential witnesses, provided their current place of residence (with the exception of one), provided titles at the time the contracts were formed and allegedly breached, and given a basic description of what they can testify to. We find this sufficient under the facts of this case.

Contrary to plaintiffs' contention, transferring this case to the Southern District of Florida will not "merely shift the inconveniences from one party to the other." Nine of the twelve potential witnesses listed by AT&T Latin reside in Florida. Plaintiff Magiera and one of the other potential witnesses listed by AT&T Latin will have to travel a long distance regardless of whether this case is heard in Florida or Illinois. The only potential witnesses that reside in Illinois are plaintiff Moore, plaintiffs former attorney(s), and one of AT&T Latin's potential witnesses. As a result, Florida is clearly more convenient for the parties and witnesses than Illinois.

Other factors suggest that Florida is the proper venue. For instance, Florida law, not Illinois law, will be applied to this case. Plaintiffs correctly point out that a choice of law provision is not dispositive in determining where venue is appropriate. (Pls.' Resp. at 13 <u>citing</u> <u>Kafka</u>, 1991 WL 49619 at *5.) However, while we are confident that we could apply Florida law competently, we see no reason why we should do so when the transferee forum is clearly more convenient for the

potential witnesses. See Walter Latham Co. v. Amresco Residential Mortgage Corp., 1999 WL 160226, *4 (N.D. Ill. 1999). Therefore, for the convenience of the parties and witnesses, and in the interests of justice, we transfer this case to the Southern District of Florida.

### Conclusion

AT&T Latin's Rule 12(b)(3) motion to dismiss for improper venue is denied. However, its motion to motion to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Florida is granted.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 8-28-01